a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| NICHOLAS JOSEPH KOURY #198018, Plaintiff | CIVIL DOCKET NO. 5:22-CV-05818 SEC P |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| STATE OF LOUISIANA, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by pro se Petitioner Nicholas Joseph Koury ("Koury"). Koury is detained at the Bossier Maximum Security Facility in Plain Dealing, Louisiana. He seeks a release from custody and the dismissal of all pending charges.

Because Koury has not exhausted his claims in the state courts, his Petition should be DISMISSED WITHOUT PREJUDICE.

I. Background

Koury alleges that he was arrested for kidnapping but is "being held on an unverified debt obligation . . . under the color of criminal charges." ECF No. 6 at 1-2. Koury states that the judge improperly entered a "not guilty" plea on his behalf. *Id.* at 2. Koury seeks release and the dismissal of his pending criminal charge because the court and State lack jurisdiction to detain or convict him; he has been deprived of his right to speedy trial; his motions are being ignored; and he is being held for an

1

unverified debt obligation. ECF No. 6 at 6. Koury alleges that he is a juridical sovereign entitled to immunity. ECF No. 6 at 7.

II. Law and Analysis

A petitioner may seek habeas relief if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). A state pre-trial detainee may seek habeas relief under § 2241 for pre-trial issues such as violations of a state speedy trial act, double jeopardy, or bond conditions. *See Stringer v. Williams*, 161 F.3d 259 (5th Cir. 1998); *Dickerson v. Louisiana*, 816 F.2d 220, 223-24 (5th Cir. 2009). However, a fundamental prerequisite to federal habeas relief is the exhaustion of all claims in state court. *See Picard v. Conner*, 404 U.S. 270, 275 (1971); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489 (1973); *Dickerson*, 816 F.2d 220, 225 (5th Cir. 1987) (although § 2241 contains no statutory exhaustion requirement, a judicially-crafted requirement of exhaustion of state remedies applies). The exhaustion requirement provides the state an opportunity to confront and resolve any constitutional issues arising within its jurisdiction and limits federal interference in the state adjudicatory process. *Id.*

A petitioner must "fairly apprise the highest court of his state of the federal rights which were allegedly violated" and to do so "in a procedurally correct manner." *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). The highest state court in Louisiana is the Louisiana Supreme Court. *See* La. Const. art. V, § 5(A). Therefore, a Louisiana pretrial detainee generally cannot proceed to federal court pursuant to § 2241 unless he has first presented his claims to the Louisiana Supreme Court.

Koury did not file a state habeas petition or seek review beyond the 26th Judicial District Court, where his criminal charges are pending. Therefore, he has not fully exhausted.

Moreover, Koury's "sovereign citizen" theory does not raise a viable claim for habeas relief. The same and similar arguments have been repeatedly rejected by this Court and others. *See, e.g. Walker v. Lumpkin*, 4:21-CV-723, 2021 WL 4168774, at *1 (N.D. Tex. Aug. 25, 2021) (collecting cases).[1]

## III. Conclusion

Because Koury has not exhausted any viable claim under § 2241, IT IS RECOMMENDED that his § 2241 Petition (ECF No. 6) be DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service,

---

[1] *Citing, e.g., United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011), *cert. denied*, 565 U.S. 1226 (2012) ("[r]egardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts"); *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992), *cert. denied*, 508 U.S. 952 (1993) ("sovereign citizen" defense to jurisdiction is "patently frivolous"); *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990) ( "sovereign citizen" defense has "no conceivable validity in American law"); *United States v. White*, 480 F. App'x 193, 194, 2021 WL 1560447, at *1 (4th Cir. 2012) ( "[n]either the citizenship nor the heritage of a defendant constitutes a key ingredient to a . . . court's jurisdiction in criminal prosecutions. . . ."); *Martin v. McConnell*, No. 1:20-CV-079, 2020 WL 1970559, at *2 (W.D.La. Apr. 1, 2020) ("habeas claims relying on the UCC and trust laws have been repeatedly rejected" and citing cases); *Dunham v. Davis*, 3:18-CV-0179, 2018 WL 3213241, at *1 (S.D. Tex. June 29, 2018) (rejecting "flesh-and-blood man" and "sovereign citizen" claims as a basis for habeas relief); *Berman v. Stephens*, 4:14-CV-860, 2015 WL 3622694, at *2 (N.D. Tex. June 10, 2015) (denying habeas petition relying on UCC and "secured party sovereign" theory as frivolous); *Figueroa-Hernandez v. Figueroa Hernandez*, No. 7:08-CV-00498, 2008 WL 4533940, at *3 (W.D.Va. Oct. 7, 2008) (finding "no grounds upon which an inmate may use civil commercial statutes or admiralty jurisdiction to challenge the fact or length of his confinement").

unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, March 21, 2023.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE